UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **SOUTHERN GATEWAY, INC., ET AL.** | \* | **CIVIL ACTION** |
| **VERSUS** | \* | **NUMBER: 06-8012** |
| **THE HANOVER INSURANCE COMPANY, ET AL.** | \* | **SECTION "L"(3)** |

## ORDER & REASONS

Before the Court is the Plaintiffs' Motion to Remand (Rec. Doc. 13). For the following reasons, the Plaintiffs' motion is now GRANTED IN PART.

**I.    BACKGROUND**

This case arises from a dispute regarding insurance coverage for the Plaintiffs' nursery and eleven greenhouses located at 107 Timber Ridge Street in Belle Chasse, Louisiana, which suffered damage as a result of Hurricane Katrina. The Defendants in this case are The Hanover Insurance Company, the Plaintiffs' insurer; Kennedy, Lewis, Renton & Associates, Inc.; and Edward W. Kennedy, Jr.

In August of 2006, the Plaintiffs filed the present action in the 25th Judicial District Court for the Parish of Plaquemines, State of Louisiana. The Plaintiffs allege that they are entitled to payment from Hanover for damages and losses to the property, including damage the eleven greenhouses, in addition to bad-faith penalties under Louisiana law. If the Court determines that the eleven greenhouses were not insured, the Plaintiffs alternatively allege that Kennedy and his agency negligently failed to procure adequate insurance coverage as requested.

Hanover removed this case to federal court on October 13, 2006, contending that this

Court has jurisdiction under either of the following provisions:  (1) diversity jurisdiction under 28 U.S.C. § 1332, because Kennedy and his agency are improperly joined and the amount in controversy exceeds $75,000; or (2) the MultiParty, MultiForum Trial Jurisdiction Act pursuant to 28 U.S.C. § 1369.  On February 2, 2007, the Plaintiffs filed the instant motion to remand.

## II.   LAW & ANALYSIS

The removing defendant bears the burden of demonstrating that federal jurisdiction exists and therefore that removal was proper.  *See Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993).  As a general matter, the removal statute is to be construed narrowly and in favor of remand to state court.  *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941).  Indeed, "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).  Accordingly, all disputed questions of fact must be resolved in favor of the non-moving party.  *See Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995).

### A.   Diversity Jurisdiction

Hanover contends that this Court has diversity jurisdiction over this case because complete diversity exists between the Plaintiffs and the properly joined Defendant, and the amount in controversy exceeds $75,000.  *See* 28 U.S.C. § 1332.

Specifically, Hanover asserts that diversity jurisdiction exists because Kennedy and his agency, the non-diverse defendants, were improperly joined and, therefore, that the Court must disregard the citizenship of these parties.  "The burden of proving a fraudulent joinder is a heavy one," and the burden is borne by the removing party.  *Green v. Amerada Hess Corp.*, 707 F.2d 201, 205 (5th Cir. 1983).  The removing party can satisfy its heavy burden by demonstrating

"that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court, or that there has been outright fraud in plaintiff's pleading of jurisdictional facts." *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981). However, "[i]f there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved, then there is no fraudulent joinder. This possibility . . . must be reasonable not merely theoretical." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002); *see Smallwood v. Ill. Cent. R.R.*, 385 F.3d 568, 574 (5th Cir. 2004).

Hanover asserts that the Plaintiffs' claims against Kennedy and his agency are time-barred pursuant to La. Rev. Stat. § 9:5606, which establishes a three-year peremptive period for actions against insurance agents. Pursuant to this statute, if the plaintiff does not file suit within three years from the date of the alleged act, omission, or neglect, the claim must be dismissed. Moreover, if the plaintiff does not file suit within one year from the date the alleged act, omission, or neglect is or should have been discovered, the claim must be dismissed. Hanover argues that the one-year peremptive period commenced when the Plaintiffs purchased the insurance policy in December of 2004. However, the parties have submitted competing affidavits with respect to the date from which the peremptive periods should run. Without further factual development, the Court cannot conclude that the Plaintiffs have no possibility of recovery against the in-state defendants in this case. *See, e.g., Maco Serv., Inc. v. Allstate Ins. Co.*, No. 06-8117, 2006 WL 3905002 (E.D. La. Dec. 18, 2006); *S. Athletic Club, LLC v. Hanover Ins. Co.*, No. 06-2605, 2006 WL 2583406 (E.D. La. Sept. 6, 2006). Accordingly, the Court finds that Kennedy and his agency were not improperly joined and, thus, that diversity jurisdiction

does not exist in this case.  *See, e.g., Alfonso v. State Farm Ins. Co.*, No. 06-6691, 2007 WL 119463 (E.D. La. Jan. 10, 2007).[1]

      **B.**      **Multiparty, Multiforum Trial Jurisdiction Act**

Hanover also asserts that federal jurisdiction exists under the Multiparty, Multiforum Trial Jurisdiction Act ("MMTJA").  Hanover contends that removal was proper (1) pursuant to 28 U.S.C. § 1441(e)(1)(A) because this action could have been brought in a United States district court under 28 U.S.C. § 1369 and/or (2) pursuant to 28 U.S.C. § 1441(e)(1)(B) because the Defendant is a party to other actions in this district which were or could have been brought under 28 U.S.C. § 1369.

Section 1369 creates original federal jurisdiction over "any civil action involving minimal diversity between adverse parties that arises from a single accident, where at least 75 natural persons have died in the accident at a discrete location."  28 U.S.C. § 1369(a).  The Eastern District has consistently found that the MMTJA does not confer federal jurisdiction over cases arising out of Hurricane Katrina, in part because the requisite number of deaths did not occur at a "discrete location."  *See, e.g., Case v. ANPAC La. Ins. Co.*, 466 F. Supp. 2d 781, 788-98 (E.D. La. 2006); *Southall v. St. Paul Travelers Ins. Co.*, No. 06-3848, 2006 WL 2385365, at

---

[1] In the alternative, Hanover argues that Kennedy and his agency are fraudulently misjoined because the Plaintiffs' claims against Kennedy and Hanover arise out of completely separate transactions and occurrences and involve separate issues of law and fact.  The Court finds, however, that the joinder of the Plaintiffs' claims against Hanover, Kennedy, and his agency are not "so egregious as to constitute fraudulent joinder," as these claims arise from damages sustained to the Plaintiffs' property during Hurricanes Katrina.  *See Barash v. Encompass Indem. Co.*, No. 06-9438, 2006 WL 3791310, at *5 (E.D. La. Dec. 21, 2006) (quoting *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996), and discussing similar cases).

    Lastly, having found that diversity of citizenship does not exist, the Court need not consider whether the amount-in-controversy requirement has been satisfied.

*5-6 (E.D. La. Aug. 16, 2006); *Flint v. La. Farm Bureau Mut. Ins. Co.*, No. 06-2546, 2006 WL 2375593, at *2-4 (E.D. La. Aug. 15, 2006).  This Court agrees and finds that the MMTJA does not confer federal jurisdiction in this case.

### III.   CONCLUSION

For the foregoing reasons, IT IS ORDERED that the Plaintiffs Motion to Remand is GRANTED IN PART and that this matter is hereby REMANDED to the 25th Judicial District Court for the Parish of Plaquemines, State of Louisiana.  However, the Plaintiffs' request for attorneys' fees and costs is DENIED.

New Orleans, Louisiana, this  16th  day of   March  , 2007.

_____
UNITED STATES DISTRICT JUDGE

5